NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0476n.06

No. 24-1390

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ANTHONY BAIR,

    Plaintiff-Appellant,

v.

CRYSTAL GLASS, INC.,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)

**FILED**

Dec 03, 2024

KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
MICHIGAN

OPINION

Before: BATCHELDER, GRIFFIN, and WHITE, Circuit Judges.

**ALICE M. BATCHELDER**, **Circuit Judge**. Anthony Bair sued his former employer, Crystal Glass, Inc., for disability discrimination under the Americans with Disabilities Act (ADA). The district court awarded summary judgment to Crystal Glass on all claims, and Bair now appeals. We affirm.

Anthony Bair suffered from "avascular necrosis" in his right hip—a debilitating condition that results from the death of one's bone tissue. Soon after beginning his fourth stint as a glass worker with Crystal Glass, Bair told Crystal Glass that his health had begun to decline. That is, the pain in Bair's hip became worse and worse until he could no longer perform any labor-intensive jobs. Bair eventually asked Crystal Glass to assign him lighter work, which Crystal Glass immediately agreed to do.

Twelve days later, Bair informed Crystal Glass that his condition required surgery and that he would need time off to recover. He then asked Crystal Glass if he could go on short-term

disability. When Crystal Glass responded that it did not have short-term disability and offered him unpaid short-term leave, Bair asked Crystal Glass to lay him off instead so that he could receive unemployment benefits, which Michigan had enhanced at the time due to COVID-19. Crystal Glass did so and advised Bair that it would not rehire him until he provided a doctor's note clearing him for work. The parties do not dispute that Bair never gave Crystal Glass any doctor's note.

Because Crystal Glass did not rehire him, Bair sued for disability discrimination, retaliation, and failure to accommodate under the ADA. While Bair conceded that he did indeed ask to be laid off, he maintained that Crystal Glass should have understood that what he really wanted was unpaid medical leave. The district court disagreed, however, and awarded Crystal Glass summary judgment on all Bair's claims. In the district court's view, Bair's claims failed because he "received the exact disability accommodation that he requested: a voluntary lay off, which would have qualified him for unemployment [benefits] under then-existing law." On appeal, Bair argues that the district court mischaracterized the facts and misapplied the law.

After carefully reviewing the record, the law, and the parties' briefs on appeal, we conclude that the district court correctly set out the law and the facts, and that it correctly applied the law to those facts. The district court correctly held that because Bair asked to be laid off, Bair could not identify the necessary adverse employment action for his discrimination and retaliation claims. And although the district court also included Bair's failure-to-accommodate claim in that requirement, its opinion clearly held that the claim independently failed because Bair received the accommodation that he requested. The issuance of a full written opinion by this Court would serve no useful purpose. For the reasons stated in the district court's opinion, we **AFFIRM**.